IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DMITRI SIMONS**, <br><br> Plaintiff, <br><br> v. <br><br> **COSTCO WHOLESALE CORPORATION**, <br><br> Defendant. | Case No. 3:18-cv-0755-SB <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendations on this case in July. ECF 37. Magistrate Judge Beckerman recommended that defendant Costco Wholesale Corporation's motion to dismiss Mr. Simons' federal and state law discrimination claims be **DENIED**. The Court **ADOPTS** the Findings and Recommendations for the following reasons.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Costco timely filed objections, arguing that the Court should grant the motion to dismiss because the Second Amended Complaint ("SAC") does not pass muster under Rule 12(b)(6). ECF 41 at 6. Costco spends five pages recapping the factual background, procedural history, and legal standard relevant to the case. ECF 41 at 1-5. Costco then lodges two specific objections: (1) Magistrate Judge Beckerman erred in finding that Mr. Simons adequately pleaded the similarity of his situation to that of two Caucasian employees who Costco treated differently and (2) Magistrate Judge Beckerman erred in finding that Mr. Simons adequately pleaded that Costco treated him differently because of his race. ECF 41 at 6. Mr. Simons briefly responded to Costco's objections, but filed no objections of his own. ECF 42.

Both objections are meritless. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

557 (2007)). The Court assumes that the "well-pleaded" facts in Mr. Simons' complaint are true in assessing Costco's motion to dismiss. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Costco states the law incorrectly in its first objection. Title VII does not require plaintiffs to plead that they were treated differently from other employees who were similarly situated in "all material respects." ECF 41 at 6-7. Magistrate Judge Beckerman states the law correctly. Title VII requires plaintiffs only to plead "sufficient facts to plausibly infer that [they were] treated differently" from similarly situated employees. *Barrett v. Kaiser Found. Health Plan of the Nw.*, 2015 WL 4603436, at *4 (D. Or. July 30, 2015) (citing *Johnson v. Riverside Healthcare Sys., L.P.*, 534 F.3d 1116, 1122 (9th Cir. 2008)). Mr. Simons pleads such facts: his Caucasian colleagues violated the same Costco policies, worked in the same city or warehouse as Mr. Simons, and had the same supervisor as Mr. Simons. SAC ¶¶ 8-13. Costco demoted and transferred Mr. Simons. His Caucasian colleagues suffered no such consequences. *Id*. From these facts, the Court can plausibly infer that Mr. Simons was similarly situated to the two Caucasian workers yet Costco treated him differently.[1]

"Determining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, U.S. 556 at 679. Mr. Simons' manager barely knew him but still demoted and fired him for the alleged violations. The manager also told Costco management that Mr. Simons—the only Black manager or supervisor in the warehouse— "looked too gangster." SAC ¶ 14. Costco argues that this comment is "not inherently tied to race" and thus that Mr. Simons does not plead that he was

---

[1] Furthermore, "whether two employees are similarly situated is ordinarily a question of fact," and should be resolved on summary judgment at the earliest. *Hawn v. Exec. Jet Mgmt.*, 615 F.3d 1151, 1157 (9th Cir. 2010).

treated differently because of his race. Their objection runs counter to both common sense and the Court's own judicial experience. Title VII protects against "dog-whistle" racism, defined as "the use of code words and themes which activate conscious or subconscious racist concepts and frames." *Lloyd v. Holder*, 2013 WL 6667531, at *9 (S.D.N.Y. Dec. 17, 2013); *see, e.g.*, Lisa Foderaro, *He's a Rhodes Scholar. The G.O.P. Keeps Calling Him a 'Big-City Rapper,'* N.Y. TIMES, Oct. 1, 2018, https://www.nytimes.com/2018/10/01/nyregion/antonio-delgado-rapper.html (discussing advertisements referring to a Black congressional candidate running in a predominantly Caucasian district as a "big-city rapper"). Costco blows the dog-whistle and expects the Court to plug its ears. I will not.

For those portions of Magistrate Judge Beckerman's Findings and Recommendations to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Magistrate Judge Beckerman's Findings and Recommendations. ECF 37. Costco's Motion to Dismiss the SAC (ECF 29) is **DENIED**.

**IT IS SO ORDERED.**

DATED this 18th day of November, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge